```
IN THE DISTRICT COURT OF THE UNITED STATES
    FOR THE DISTRICT OF SOUTH CAROLINA
              GREENVILLE DIVISION
```

| | |
|---|---|
| Mario Kauvaris Randall, ) | |
| ) | Civil Action No. 6:09-1230-MBS-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Darlene Drew, ) | |
| ) | |
| Respondent. ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2241.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND OF THE CASE

On January 12, 1999, the petitioner was arrested by the Duval County Sheriff's Office in Jacksonville, Florida, for trafficking in cocaine and resisting arrest (resp. m.s.j., ex. C, Sue Holmes decl. ¶5). He was released on bond on January 19, 1999 (*id.*). On February 11, 1999, local charges were dropped in lieu of federal prosecution (*id.*). The petitioner was indicted in the United States District Court for the Western District of Florida on April 21, 1999 (resp. m.s.j., ex. D). A federal arrest warrant was issued on April 22, 1999, but was not executed until 2000 (*id.*).

On March 28, 1999, the petitioner was arrested by the Horry County (SC) Sheriff's Office for assault and battery with intent to kill and possession of a firearm during commission of a felony (resp. m.s.j., ex. C ¶6). He was also facing charges for a prior Horry

County arrest for possession with intent to distribute crack cocaine (99-GS-26-225) (*id.* ¶ 4). While he was in state custody, he was charged with a variety of other offenses, including common law robbery and strong arm robbery (99-GS-26-2590); malicious injury, willful injury to courthouse or jail (99-GS-26-2902), and two separate counts of throwing bodily fluids by a prisoner on a corrections employee (99-GS-26-2702 and 99-GS-26-2901) (*id.* ¶7).

The petitioner was sentenced in the Horry County General Sessions Court in Conway, South Carolina, on December 7, 1999, as follows: five years for malicious injury/willful injury to courthouse or jail; five years for possession with intent to distribute crack, and five years for strong arm robbery (*id.* ¶ 8). These terms were all run concurrently (*id.*). He was also sentenced to an additional two years for throwing bodily fluids by a prisoner on a corrections employee (99-GS-26-2702), and three years for throwing bodily fluids by a prisoner on a corrections employee (99-GS-26-2901) (*id.*). These last two terms were ordered to run consecutively to the prior five-year concurrent terms and consecutively to each other (*id.*). He was taken to the South Carolina Department of Corrections ("SCDC") for service of these state terms (*id.*).

On January 11, 2000, the United States District Court for the Middle District of Florida issued a writ of habeas corpus *ad prosequendum* (resp. m.s.j., ex. D). On January 21, 2000, the petitioner was temporarily released to the U.S. Marshals Service for the District of South Carolina pursuant to a federal writ *ad prosequendum* (resp. m.s.j., ex. C ¶9). The petitioner was transported to the Middle District of Florida on February 1, 2000, for federal court proceedings (*id.*). The petitioner made his first appearance in the federal case on February 2, 2000 (resp. m.s.j., ex. D). His guilty plea was accepted by the District Court on April 12, 2000 (*id.*).

On July 20, 2000, the petitioner was sentenced in the Middle District of Florida to 151 months imprisonment for conspiracy to distribute cocaine base (*id.*; resp. m.s.j., ex. E). Three years of this term was ordered to run concurrently with the state sentence he was

2

serving at that time (*id*.). The petitioner was returned to South Carolina on August 17, 2000, for continued service of his state term (resp. m.s.j., ex. C ¶11). A detainer was lodged for the pending federal term.

The petitioner was released from the SCDC on April 29, 2004, to the U.S. Marshals Service for service of the federal sentence (resp. m.s.j., ex. C ¶12). Upon admission to the Bureau of Prisons ("BOP"), a federal sentence computation was completed for the petitioner's 151 month partially concurrent federal term. The commencement date of the federal sentence was determined by starting the *consecutive* portion of the term on the date of release from state custody. Thus, even though he was not received into federal custody until April 29, 2004, his federal term was commenced earlier in order to give effect to the partial concurrence ordered by the federal court (*id.* ¶14; *see also* resp. m.s.j., ex. A at 2).

The petitioner received credit toward his federal sentence for the date of his Florida arrest on January 12, 1999, through January 19, 1999, the date he was released on bond (*id.* ¶13). According to the government, his credit was given because that time was not granted by South Carolina toward the state term. The projected date for completion of the petitioner's federal term was determined to be August 25, 2012.

On April 4, 2008, the federal sentencing court reduced the petitioner's sentence from 151 months to 130 months. All other aspects of the original judgement remained the same (resp. m.s.j., ex. F, Order, ¶1). The petitioner's sentence was recalculated using the new reduced term of 130 months. The petitioner's new projected satisfaction date was determined to be February 17, 2011 (resp. m.s.j., ex. A).

Subsequent to receiving this sentence reduction, the petitioner moved the Middle District of Florida for a modification of his federal term, asking the sentencing court to modify his term again, to allow for an additional nine months and 10 days "credit" toward his federal term (resp. m.s.j., ex. G). The sentencing court denied his motion (resp. m.s.j.,

3

ex. H). The petitioner is currently incarcerated at the Federal Correctional Institution ("FCI") located in Bennettsville, South Carolina.

On August 5, 2009, the respondent filed a motion to dismiss or, in the alternative, for summary judgment. By order filed August 6, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On August 27, 2009, the petitioner filed his opposition to the respondent's motion, and on September 8, 2009, the respondent filed a reply brief.

## **APPLICABLE LAW AND ANALYSIS**

Rule 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex*

4

*Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

The execution of sentences and the computation of jail time is an administrative function under the authority of the Attorney General, who has delegated this task to the BOP, including the responsibility for computing time credits and determining a sentence termination date once the defendant actually commences serving his sentence. *United States v. Wilson*, 503 U.S. 329, 335 (1992). This function includes responsibility for computing pre-sentence time credits and determining a sentence termination date once the defendant actually commences serving his sentence. *Id.* at 333-35.

The awarding of prior custody credit toward federal terms of imprisonment is codified at 18 U.S.C. § 3585(b). That section provides as follows:

> **Credit for prior custody** - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

5

> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b). By the plain language of the statute, no time can be credited toward a federal sentence that has been credited to another term. *See Wilson*, 503 U.S. at 337 (explaining that with the enactment of § 3585(b) in place of § 3568, "Congress made it clear that a defendant could not receive a double credit for his detention time.").

The guidelines the BOP has promulgated for the awarding of prior custody credit are also found in Program Statement 5880.20, Sentence Computation Manual (CCCA of 1984) dated February 21, 1992 (resp. m.s.j., ex. I). There are several principles that come into play in the petitioner's sentence computation. First, an inmate is not entitled to credit toward the federal term if the inmate is on writ from non-federal custody. *See, e.g., United States v. Evans*, 159 F.3d 908, 911-12 (4th Cir. 1998). Credit is not given for this time because while on writ an inmate is merely borrowed from state authorities for purposes of the prosecution and is receiving credit for that time toward a state term. *Evans*, 159 F.3d at 912; *see also Stewart v. Bailey*, 7 F.3d 384, 389 (4th Cir. 1993)("A prisoner is not even 'in custody' when he appears in another jurisdiction's court pursuant to an *ad prosequendum* writ; he is merely 'on loan' to that jurisdiction's authorities."). That is what occurred in the petitioner's case. He was borrowed from South Carolina for prosecution by the United States, and he received credit toward his South Carolina terms for that time on writ prior to his federal sentence. Thus, granting credit toward the federal term would violate 18 U.S.C. § 3853(b).

The next principle to consider is that inmates will receive credit for presentence time in custody that is not granted toward another term, so long as this custody was after the date of the federal offense behavior. 18 U.S.C. § 3585(b). This means that any presentence

6

custody, whether federal or non-federal, can be granted toward the federal term, provided it was not credited toward another term (resp. m.s.j., ex. G, pp.1-21 to 1-22). The petitioner was credited with the time between January 12, 1999 (date of arrest by Florida authorities) and January 19, 1999 (date of release on bond by Florida authorities) toward his federal sentence. This time was not credited toward the state term.

The petitioner relies on *Ruggiano v. Reish*, 307 F.3d 121 (3d Cir. 2002), for the contention that he should be given more time as a result of the concurrency for his state and federal terms. The petitioner claims that the sentencing transcript evidences the court's intent to give him more than three years concurrent. Review of the transcript pages submitted by the petitioner does not support his contention (doc. 18). The federal sentencing court simply inquired of counsel the length of term being served in South Carolina and asked for an anticipated release date (*id.*). The petitioner's counsel indicated that he believed the term was five years and was unaware of the release date but believed it was 2003 (*id.*). There is no further information provided, and this short colloquy does not support the petitioner's claim.

Review of the rest of the sentencing transcript reveals the court's clear intention to run only a three-year portion of the sentences concurrently (resp. m.s.j., ex. J at pp. 10-11). The court clearly sentenced him to 151 months, with three years concurrent to the South Carolina term (resp. m.s.j., ex. E). When he was resentenced on the crack reduction, the federal sentencing court left the partial concurrency order the same (resp. m.s.j., ex. F).

*Ruggiano*[1] does not compel a different result, for several reasons. First, *Ruggiano* turned on confusion about the sentencing court's intent in imposing a concurrent

---

[1] *Ruggiano* has been abrogated in part by the recent amendments to the Sentencing Guidelines, however, the abrogation does not impact this case. *See United States v. Destio*, 153 Fed.Appx. 888, 894 n.6 (3d Cir. 2005).

7

term with "credit for time served."  307 F.3d at 131.  Here, there is no such confusion.  The sentencing court was specific in the length of time that it wanted to be concurrent between the state and federal terms.  The BOP gave effect to the three-year partial concurrency as ordered.  Secondly, *Ruggiano* explains that the sentencing court's authority under U.S.S.G. § 5G1.3 to "adjust" a sentence is distinct from the BOP's authority under 18 U.S.C. § 3585(b) to "credit" a sentence, even though the benefit to the defendant may be the same.  *Ruggiano*, 307 F.3d at 131-33.  Under § 5G1.3(b), if convictions arise from the same course of conduct, district courts may reduce the later sentence to account for the amount of time already served, on the prior, undischarged sentence, thus enabling the sentences to run concurrently and terminate at the same time.  On the other hand, the credit that the BOP exclusively awards under § 3585(b) is for time served in detention prior to the date the federal sentence commences.  *Id.*; *see Robinson v. Owens*, C.A. No. 4:07-3118-HMH-TER, 2008 WL 783782, **5-6 (D.S.C. 2008).  As argued by the respondent, if petitioner wants more of an adjustment on his sentence, that was properly addressed to the sentencing court, not in a § 2241 proceeding.

Further, as argued by the respondent, the petitioner's assertion that he should receive credit because he was held in custody after January 12, 1999, and unable to be released on bond is inaccurate.  The petitioner was arrested by Florida authorities on January 12, 1999, and was released on bond January 19, 1999 (resp. m.s.j., ex. C ¶5).  He received credit for this time toward his federal term as it was not credited toward the state term (*id.* ¶13).  Given his release by Florida officials on January 19, 1999, his argument is without merit.  He was not denied bond because of the federal charges.  He was subsequently arrested on different charges in South Carolina on March 28, 1999 (possession of a firearm and assault and battery with intent to kill) (*id.* ¶6).  He was charged with additional South Carolina offenses unrelated to the federal charges at various times from June-August 1999 (*id.* ¶7).  It was proper for South Carolina to credit him with the

8

presentence custody toward the state term rather than receiving credit toward the federal term.

The petitioner seems to argue that his federal term should have been concurrent for longer than the three years ordered by the sentencing court. As noted above, any issues with the term of the sentence should have been raised in the sentencing court. He had ample opportunity to do so since the date he was received in federal custody was in April 2004. Moreover, he could have raised the issue of adjusting his sentence with the sentencing court in 2008 when he was seeking the crack sentence reduction, but he elected not to do so (resp. m.s.j., ex. D, Entries #83-98). When he did petition the Florida district court for modification, the federal district court rejected his request.

This court finds that the petitioner has received all of the prior custody credit toward his federal sentence to which he is lawfully entitled, and his federal sentence has been computed correctly in accordance with all applicable statutes and law.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 19) be granted.[2]

January 8, 2010  
Greenville, South Carolina

s/William M. Catoe  
United States Magistrate Judge

---

[2] The respondent also argued that the petitioner failed to exhaust his administrative remedies. As this court finds that the summary judgment should be granted on the merits, that argument has not been addressed.

9