IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Mario Kauvaris Randall, ) | |
| ) | C.A. No. 6:09-1230-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Darlene Drew, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Mario Randall is currently incarcerated at the Federal Correctional Institution located in Bennettsville, South Carolina. On May 13, 2009, Petitioner filed a petition for a writ of habeas corpus pursuant to 18 U.S.C. § 2241. This case is before the court on Respondent Darlene Drew's motion for summary judgment, filed on August 5, 2009. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on August 6, 2009, advising Petitioner of the summary judgment procedure and the possible consequences if he failed to respond adequately. On August 27, 2009, Petitioner responded to the motion and on September 8, 2009, Respondent replied. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe for pretrial handling. On January 8, 2010, the Magistrate Judge filed a Report of Magistrate Judge recommending that Respondent's motion for summary judgment be granted. On January 22, 2010, Petitioner filed an objection to the Report of Magistrate Judge.

## **FACTS**

On January 12, 1999, Petitioner was arrested by the Duval County Sheriff's Office in Jacksonville, Florida, for trafficking in cocaine and resisting arrest. Entry 19, Ex. C ¶5. On January

19, 1999, Petitioner was released on bond. *Id.* On February 11, 1999, the local charges against Petitioner were dropped in favor of federal prosecution. *Id.* Petitioner was indicted in the United States District Court for the Western District of Florida on April 21, 1999. Entry 19, Ex. D. A federal arrest warrant for Petitioner was issued on April 22, 1999. Entry 19, Ex. C ¶ 5.

On March 28, 1999, Petitioner was arrested by the Horry County Sheriff's Office in South Carolina for assault and battery with intent to kill and possession of a firearm during the commission of a felony. Entry 19, Ex. C ¶6. Petitioner was also facing charges for a prior Horry County arrest for possession with intent to distribute crack cocaine (99-GS-26-225). Entry 19, Ex. C ¶ 4. While he was in state custody, Petitioner was charged with a variety of other offenses, including common law robbery and strong arm robbery (99-GS-26-2590); malicious injury, willful injury to courthouse or jail (99-GS-26-2902), and two separate counts of throwing bodily fluids by a prisoner on a corrections employee (99-GS-26-2702 and 99-GS-26-2901). Entry 19, Ex. C ¶ 7.

Petitioner was sentenced in the Horry County General Sessions Court in Conway, South Carolina, on December 7, 1999. Entry 19, Ex. C ¶ 8. Petitioner was sentenced to five years for malicious injury/willful injury to courthouse or jail; five years for possession with intent to distribute crack, and five years for strong arm robbery. Entry 19, Ex. C ¶ 8. These terms were all concurrent. *Id.* Petitioner was also sentenced to an additional two years for throwing bodily fluids by a prisoner on a corrections employee (99-GS-26-2702), and three years for throwing bodily fluids by a prisoner on a corrections employee (99-GS-26-2901). Entry 19, Ex. C ¶ 8. These last two terms were consecutive to the prior five-year concurrent terms and consecutive to each other. Entry 19, Ex. C ¶ 8. Petitioner was taken to the South Carolina Department of Corrections ("SCDC") for service of these state terms of imprisonment. Entry 19, Ex. C ¶ 8.

2

On January 11, 2000, the United States District Court for the Middle District of Florida issued a writ of habeas corpus *ad prosequendum*. Entry 19, Ex. D. On January 21, 2000, Petitioner was temporarily released to the U.S. Marshals Service for the District of South Carolina pursuant to the federal writ *ad prosequendum*. Entry 19, Ex. C ¶ 9. Petitioner was transported to the Middle District of Florida on February 1, 2000, for federal court proceedings. Entry 19, Ex. D. The petitioner made his first appearance in the federal case on February 2, 2000, at which time his federal warrant was officially executed. Entry 19, Ex. D. Petitioner pleaded guilty to the federal charges on April 12, 2000. Entry 19, Ex. D.

On July 20, 2000, Petitioner was sentenced to 151 months imprisonment for conspiracy to distribute cocaine base. Entry 19, Ex. D, E. It was ordered that three years of this term would run concurrently with the state sentence Petitioner was serving at that time. Entry 19, Ex. E. Petitioner returned to South Carolina on August 17, 2000, to continue the service of his state term. Entry 19, Ex. C ¶ 11. A detainer was lodged for the pending federal term.

Petitioner was released from SCDC on April 29, 2004, for service of the federal term. Entry 19, Ex. C ¶ 12. Upon Petitioner's admission to the Bureau of Prisons ("BOP"), a federal sentence computation was completed for the 151 month partially concurrent federal term. Although Petitioner did not enter into federal custody until April 29, 2004, his federal term was commenced earlier in order to give effect to the three year concurrence ordered by the federal court. Entry 19, Ex. A, C ¶ 14. Petitioner also received credit toward his federal sentence for the date of his Florida arrest on January 12, 1999, through January 19, 1999, the date he was released on bond. Entry 19, Ex. C ¶ 13. According to the government, this credit was given because that time was not granted by South Carolina toward the state term. The projected date for completion of the petitioner's federal term was

found to be August 25, 2012.

On July 18, 2005, Petitioner filed an informal resolution form with the BOP seeking "credit for time served in the state of South Carolina state prison." Entry 22-3. The informal request form states that this form must be submitted before a formal resolution request and that if a prisoner's complaint is not informally resolved, that the informal resolution form should be attached to a completed BP-9 form for formal requests. *Id.* On July 22, 2005, the BOP responded to Petitioner's informal request indicating that Petitioner had received all credit to which he was entitled. Entry 22-2.

On April 4, 2008, the federal sentencing court reduced Petitioner's sentence from 151 months to 130 months. Entry 19, Ex. D, F. All other aspects of the original judgement remained the unchanged. Entry 19, Ex. F. Petitioner's sentence was then recalculated using the reduced term of 130 months. Petitioner's new projected release date was found to be February 17, 2011. Entry 19, Ex. A.

Subsequent to receiving this sentence reduction, Petitioner moved the sentencing court for a modification of his federal term to allow for an additional nine months and 10 days "credit" toward his federal term. Entry 19, Ex. G. The sentencing court denied his motion for lack of jurisdiction. Entry 19, Ex. G, H.

## **DISCUSSION**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. §

636(b)(1). The court is charged with making a *de novo* determination on any portions of the Report and Recommendation to which a specific objection is made. *Id.*

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if proof of its existence or nonexistence would affect the disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

In his objections to the Report of Magistrate, Petitioner requested that the court determine whether he should receive an evidentiary hearing based on the statement in the Report of Magistrate that:

> The petitioner seems to argue that his federal term should have been concurrent for longer than the three years ordered by the sentencing court. As noted above, any issues with the term of the sentence should have been raised in the sentencing court. He had ample opportunity to do so since the date he was received in federal custody was in April 2004. Moreover, he could have raised the issue of adjusting his sentence with the sentencing court in 2008 when he was seeking the crack sentence reduction, but he elected not to do so (resp. m.s.j., ex. D, Entries #83-98). When he did petition the Florida district court for modification, the federal district court rejected his request.

Entry 28 at 9. Petitioner contends that when he sought the crack sentencing reduction he could not have raised these issues because the Public Defender's Office represented to him that they would not entertain any other issues. On this basis, Petitioner contends that either he received ineffective assistance of counsel, or that the Magistrate Judge misapplied the law and that the court should entertain this "newly discovered evidence."

Having carefully reviewed this issue, the court finds that an evidentiary hearing is neither

5

appropriate nor necessary. "The law closely guards the finality of criminal sentences against judicial change of heart." *United States v. Goodwyn*, No. 09-7316, 2010 WL 670055, at *2 (4th Cir. February 26, 2010) (internal citations omitted). Title 18 United States Code Section 3582(b) governs the imposition of federal prison sentences and provides that "a court's imposition of a term of imprisonment constitutes a final judgment." *Id.*(citing § 3582(b)). Section 3582 prohibits district courts from modifying a term of imprisonment once it has been imposed unless: 1) the Bureau of Prisons moves for a reduction, 2) the Sentencing Commission amends the applicable Guidelines range, or 3) another statute or Rule 35 expressly permits the court to do so. *Id.* (citing § 3582(c)). Pursuant to Federal Rule of Criminal Procedure 35(a) (2007)(amended 2009), a court may correct a sentence that resulted from arithmetical, technical, or other clear error within seven days of sentencing.

Thus, if Petitioner took issue with a portion of the sentence imposed upon him, he had limited avenues of review. Regardless of whether the Public Defender's Office told Petitioner that they would not aid him with any other sentencing issue at his crack reduction proceeding in 2008, Petitioner could have brought these issues to the court's attention himself within seven days of his re-sentencing. *See* Fed. R. Crim. P. 35 (2007)(amended 2009).[1] Beyond this time, Petitioner's sentence became final and the sentencing court did not have jurisdiction to change Petitioner's sentence. In addition, the Magistrate Judge is correct that any issues with the term of the sentence should have been raised with the sentencing court because this court does not have jurisdiction to review a sentence imposed by another district court. This jurisdiction is left to the

---

[1] This time limit was amended to 14 days including weekends and holidays effective December 1, 2009. However, the former seven day deadline applies in this case.

proper circuit court.

Plaintiff does not object to any of the Magistrate Judge's other findings. In the absence of objections, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Nevertheless, the court has carefully reviewed the record and concurs in the Magistrate Judge's conclusion the Petitioner has received credit for all of the time to which he is entitled.

## **CONCLUSION**

Based on the forgoing, the court **grants** Respondent's motion for summary judgment (Entry 19). The court adopts and incorporates herein by reference the Report and Recommendation of the Magistrate Judge.

**IT IS SO ORDERED.**

                                        s/ Margaret B. Seymour
                                        The Honorable Margaret B. Seymour
                                        United States District Judge

March 9, 2010
Columbia, South Carolina